Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Joseph Cockrell, on his own behalf, and behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH COCKRELL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation, and NAVIENT SOLUTIONS, LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | **PLAINTIFF JOSEPH COCKRELL'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNLAWFUL COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200.**<br><br>No. 24-1780 |

Plaintiff Joseph Cockrell ("Cockrell" or "Plaintiff") makes this complaint against Defendant Navient Corporation ("Navient Corp.") and Navient Solutions, LLC ("NSL," and together with Navient Corporation, "Navient"), as well as Does 1 to 10 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation of publicly available documents and interviews with witnesses, and information and belief.

## Introduction

1. In August 2023, Defendants illegally increased the principal balance on Cockrell's student loan by $71.44. This increase in Cockrell's balance violated various applicable regulations under the Higher Education Act of 1965, Pub. L. No. 89-329, 79 Stat. 1219 (1965) ("HEA").

2. Plaintiff seeks relief from these violations and the injuries Navient caused under the Unfair Competition Law ("UCL"). *See* Cal. Bus. & Prof. Code § 17200. Plaintiff seeks restitution and injunctive relief under the UCL, and an award of attorneys' fees under California Code of Civil Procedure § 1021.5, on his own behalf and behalf of other class members.

**Parties**

3. Plaintiff Joseph Cockrell is a resident of the Orange County both at the time this action was filed and at all relevant times alleged in this Complaint.

4. Defendant Navient Corporation ("Navient Corp.") is a Delaware corporation which maintains its principal place of business at 123 Justison Street, Wilmington, Delaware 19801.

5. Defendant Navient Solutions, LLC ("NSL") is a Delaware limited liability company which maintains offices at 13865 Sunrise Valley Drive, Herndon, Virginia 20171.

6. NSL is Navient Corp.'s agent with respect to any act or omission relevant to this complaint, and Navient Corp. is liable for NSL's actions within the scope of such agency as NSL's principal.

7. Cockrell alleges on information and belief that (1) NSL is Navient Corp.'s wholly-owned subsidiary; (2) Navient Corp. authorized, monitored and controlled, directed, consented to, approved, and/or ratified NSL's conduct alleged herein, and accepted the benefits as alleged herein; and (3) Navient Corp. had the ability and right to control NSL's conduct.

8. Navient Corp. and NSL have common information technology systems (including a unified email system, the "navient.com" domain name, and student loan servicing data) and office spaces. Cockrell alleges on information and belief that (1) Navient Corp. and NSL have overlapping personnel (including employees, officers, managers, members, and directors); (2) Navient Corp. employees are directly involved in NSL's loan servicing; and (3) certain Navient

Corp. employees report to NSL personnel.

9. Navient Corp. controls Navient's website, email, domain name, and trademarks. Navient Corp. and NSL use the same logos, domain name, and website in a manner that makes them indistinguishable to student borrowers.

10. Navient Corp. bundles student loans into asset-backed securities ("ABS"), and sells the resulting ABS to investors. Cockrell alleges on information and belief that NSL routinely communicates with Navient Corp. about NSL's loan servicing in order to facilitate Navient Corp.'s ABS business.

11. Navient Corp. directly profits from NSL's conduct alleged herein through its "residual interests" in the student loans it has securitized into ABS:

> Residual Interest — When we securitize education loans, we retain the right to receive cash flows from the education loans sold to trusts that we sponsor in excess of amounts needed to pay derivative costs (if any), other fees, and the principal and interest on the bonds backed by the education loans.

(Navient Corp., Form 10-K (Feb. 24, 2023), available at https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1593538/000095017023004376/navi-20221231.htm.)

12. In short, when NSL increases the balance of one of Navient's student loans, it increases Navient Corp.'s revenue via its residual interest in that loan.

13. Cockrell alleges on information and belief that (1) Navient Corp. controls all employee compensation at Navient, and bases employee compensation (in part) on revenue generated via the residual interests in Navient's student loan ABSs; and (2) Navient Corp. has directly involved its employees in NSL's servicing Navient's student loans.

14. Navient Corp. has ratified NSL's conduct. Navient Corp. has an intimate knowledge of NSL's loan servicing operations, receives revenue from those operations via the residual interests in Navient's loans, and (on information and belief) cooperates with NSL to formulate and implement such conduct.

15. Navient Corp. is NSL's alter ego. Cockrell alleges on information and

belief that Navient employees (1) confuse the two entities; (2) use the same offices, employee the same employees; and (3) misrepresent the identity of the Defendant who operates the Navient website.

16. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein. Cockrell alleges on information and belief that none of the Doe Defendants are citizens of California.

17. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

18. All Defendants, including Does 1 through 100, are collectively referred to as "Defendants."

19. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

20. Navient Corp. is a citizen of Delaware. Cockrell alleges on information and belief that NSL is a citizen of Delaware and Virginia. This Complaint alleges claims on behalf of a proposed class whose members reside in California. The members of the proposed class are diverse from the Defendants. Cockrell alleges on information and belief the aggregate of the amount in controversy in these class claims exceed the sum or value of $5 million and the total number of class members exceeds 100. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2).

21. This Court has personal jurisdiction over the Defendants under California Code of Civil Procedure section 410.10 because many of the acts alleged herein were committed in California, because they conduct operations and/or sales in California, are registered to do business in California, and the acts alleged herein originated in or were directed to this District.

22. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## Applicable HEA Regulations

23. The HEA authorizes the Education Department ("ED") to "prescribe such regulations as may be necessary to carry out the purposes of [the HEA], including regulations applicable to third party servicers," and "consent to modification, with respect to [] time of payment of any installment of principal and interest or any portion thereof, or any other provision of any [student] loan[.]" 20 U.S.C. § 1082(a)(1), (4).

24. ED's HEA regulations strictly limit the kinds of charges that can be made on Plaintiff's student loans. 34 C.F.R. § 682.202 ("The charges that lenders may impose on borrowers, either directly or indirectly, are limited to the following"). These regulations enumerate specific permitted charges, including

capitalizing interest, where "a lender [] add[s] accrued interest [] to the borrower's unpaid principal balance in accordance with" the regulations' terms. 34 C.F.R. § 682.202(b)(1). "This increase in the principal balance of a loan is called 'capitalization.'" *Id*.

25. HEA regulations permit servicers to "capitalize interest [] that has accrued" during "a period of authorized forbearance." *Id*. Forbearances are defined as "permitting the temporary cessation of payments, allowing an extension of time for making payments, or temporarily accepting smaller payments than previously were scheduled." 34 C.F.R. § 682.211(a)(1).

26. As set forth below, Navient's August 2023 increase to the balance of Cockrell's loan does not reflect an "authorized forbearance" because both it and Navient's related communications violated the HEA regulation on forbearances, 34 C.F.R. § 682.211—and thus the UCL—as described below.

27. Navient violated the stringent procedural controls the HEA regulation places on when forbearances are allowed:

> A lender may grant forbearance if [the] lender and the borrower or endorser agree to the terms of the forbearance and, unless the agreement was in writing, the lender sends, within 30 days, a notice to the borrower or endorser confirming the terms of the forbearance and records the terms of the forbearance in the borrower's file[.]

34 C.F.R. § 682.211(b)(1).

28. Navient did not provide the critical information about these forbearances that it was required to provide:

> (1) At the time of granting a borrower or endorser a forbearance, the lender must provide the borrower or endorser with information to assist the borrower or endorser in understanding the impact of capitalization of interest on the loan principal and total interest to be paid over the life of the loan; and
>
> (2) At least once every 180 days during the period of forbearance, the lender must contact the borrower or endorser to inform the borrower or endorser of -
>
> []
>
> (iv) The amount of interest that will be capitalized, as of the

Class Action Complaint 6 No. 24-1780

date of the notice, and the date capitalization will occur; 34 C.F.R. § 682.211(e).

### Cockrell's Individual Allegations

29. Cockrell made timely and complete payments of $181.29 on his loan from January 12 to July 14, 2023. On August 14, 2023, Navient placed his loan an in-school deferment. Navient simultaneously placed a retroactive administrative forbearance on his loan between July 14 and August 13, 2023, and capitalized interest on that forbearance, increasing his loan balance by $71.44 (roughly thirty days' worth of interest).

30. Navient sent correspondence to Cockrell dated August 29, 2023 to communicate that his loan had been placed into an in-school deferment, and that "[i]f payments are due prior to the start of the deferment, a forbearance was applied [] and interest owed during the delinquency period was capitalized (added to your principal balance) . . ."

> JOSEPH, you've been granted an in-school deferment on the loans listed below.
>
> This deferment was processed based on the recent enrollment information we've received from either you, your school, or your student's school if you have a Parent PLUS loan and temporarily postpones loan payments.
>
> Your deferment began on 08/14/23 and ends on 08/14/30. If payments are due prior to the start of the deferment, a forbearance was applied to cover the Past Due Amount and interest owed during the delinquency period was capitalized (added to your principal balance) in accordance with the terms of your Promissory Note.
>
> Account number
> 9211161114 - 1
>
> Date
> 08/29/23
>
> Manage your account online
> Navient.com
>
> Contact us

31. Again, Cockrell made timely payments through July 14, 2023, so his loan was current at least through August 13, 2023.

32. On August 14, 2023, Navient increased the balance of Cockrell's loan by $71.44. This increase corresponded to Navient capitalizing interest on a thereto undisclosed, retrospective "administrative forbearance" between July 14, 2023 and August 13, 2023—i.e., when Cockrell's loan was current.

33. On February 27, 2024, Navient sent Cockrell correspondence (depicted in the screen shots below) which confirmed his payment history, the dates of Navient's administrative forbearance, and the interest that Navient

capitalized in connection with that forbearance, as Cockrell alleges above:

Your Declining balance history is listed below:

| Effective Date | Transaction amount | Principal | Interest | Capitalized Interest | Late Fees | Principal Balance | Comments |
|---|---|---|---|---|---|---|---|
| 1/12/2023 | $181.29 | -$114.18 | -$67.11 | $0.00 | $0.00 | | Payment |
| 2/13/2023 | $181.29 | -$105.03 | -$76.26 | $0.00 | $0.00 | | Payment |
| 3/13/2023 | $181.29 | -$114.91 | -$66.38 | $0.00 | $0.00 | | Payment |
| 4/7/2023 | $181.29 | -$122.37 | -$58.92 | $0.00 | $0.00 | | Payment |
| 5/7/2023 | $181.29 | -$111.03 | -$70.26 | $0.00 | $0.00 | | Payment |
| 6/16/2023 | $181.29 | -$88.14 | -$93.15 | $0.00 | $0.00 | | Payment |
| 7/14/2023 | $181.29 | -$116.38 | -$64.91 | $0.00 | $0.00 | | Payment |
| 8/14/2023 | $71.44 | $0.00 | $0.00 | $71.44 | $0.00 | | Capitalized Interest |

Your loan status history is listed below:

| Status | Begin Date | End Date | Post Date | Loan |
|---|---|---|---|---|
| Repayment | 5/26/2018 | 12/31/2018 | 5/27/2018 | 1-01 |
| In-School Deferment | 1/1/2019 | 12/22/2019 | 2/19/2019 | 1-01 |
| Administrative Forbearance | 12/23/2019 | 1/6/2020 | 7/24/2023 | 1-01 |
| Administrative Forbearance | 1/7/2020 | 1/26/2020 | 7/24/2023 | 1-01 |
| In-School Deferment | 1/27/2020 | 4/27/2020 | 3/18/2020 | 1-01 |
| Administrative Forbearance | 4/28/2020 | 6/22/2020 | 6/23/2020 | 1-01 |
| Repayment | 6/23/2020 | 7/13/2023 | 6/23/2020 | 1-01 |
| Administrative Forbearance | 7/14/2023 | 8/13/2023 | 8/23/2023 | 1-01 |
| In-School Deferment | 8/14/2023 | 5/25/2028 | 8/29/2023 | 1-01 |

34. A forbearance permits "the temporary cessation of payments [or] allowing an extension of time for making payments[.]" 34 C.F.R. § 682.211(a)(1). Cockrell's loan was current and fully paid up through to August 13, 2023, so there could not have been any cessation of payments or extension of time to make payments between July 14 and August 13, 2023.

35. Hence, Navient's August 2023 increase to the balance of Cockrell's loan violated 34 C.F.R. § 682.202 because it did not result from an "authorized forbearance." 34 C.F.R. § 682.202(b)(1).

36. Moreover, Cockrell never agreed to the terms of Navient's July-August 2023 administrative forbearance (and specifically did not agree to the

amount of interest capitalized) on which Navient capitalized interest on his loan. *Cf.* 34 C.F.R. § 682.211(b)(1). Navient never sent Cockrell "notice [] confirming the terms" of Navient's July-August 2023 administrative forbearance (and specifically did not notify him of the amount of interest capitalized). 34 C.F.R. § 682.211(b)(1).

37. Hence, Navient violated 34 C.F.R. § 682.211(b).

38. Navient never provided Cockrell "information to assist [him] in understanding the impact of capitalization of interest on the loan principal and total interest to be paid over the life of the loan" with respect to the July-August 2023 administrative forbearance. 34 C.F.R. § 682.211(e)(1). Navient never notified Cockrell of the "amount of interest that [would] be capitalized [or] the date capitalization [would] occur" with respect to its July-August 2023 administrative forbearance. 34 C.F.R. § 682.211(e)(2).

39. Hence, Navient violated 34 C.F.R. § 682.211(e).

40. To the extent that Navient contends that it disclosed the administrative forbearance and/or capitalized interest in its sent correspondence to Cockrell dated August 29, 2023 correspondence alleged above, the statement in that correspondence that Navient capitalized "interest owed during *the delinquency period*" was false and misleading. Navient capitalized interest for the period between July 14 and August 13, 2023, but Cockrell made a payment on July 14, 2023 and his loan was not delinquent between July 14 and August 13, 2023.

41. Hence, Navient violated 34 C.F.R. § 682.211(b) and (e).

42. Navient's unlawful, unfair, and deceptive conduct alleged above caused Cockrell to lose money and property by increasing the principal balance on Cockrell's loans.

43. Because Navient improperly increased the balance of Cockrell's loans, it increased the interest which accrued on such loans from month to month. This has caused Cockrell to lose money and property because he will pay more

towards the interest on his loan, and less to reducing the loan's principal balance.

## Class Allegations

44. There are 3.09 million FFELP borrowers with privately owned (i.e., non-ED owned) Federal Family Education Loan Program (FFELP) loans like Cockrell's loan. Roughly 1% of the American population owes a balance a FFELP loan.

45. Privately owned FFELP loans are highly concentrated. In 2020, the top 10 lenders owned 85.70% of all FFELP loans (by aggregate loan volume), and the top 25 lenders owned 95.90% of such loans. Cockrell alleges on information and belief that Navient is the largest lender, and owns slightly more than half of all such loans by aggregate loan volume. *See* Department of Education, *Top 100 Current Holders of FFELP Loans For 2020* (Sept. 30, 2020), at https://fsapartners.ed.gov/sites/default/files/attachments/2021-10/2020Top100Currentholders.pdf.

46. Cockrell alleges on information and belief that Navient owns and services the FFELP loans of over 150,000 California residents.

47. Given the number of loans it services, Navient's business is heavily computerized and depends on uniform procedures and processes. Navient used computerized processes to place the secret administrative forbearance on Cockrell's loan in August 2023, and to generate its August 2023 communications to Cockrell. Navient used the same computerized processes on other student borrowers' loans.

48. Navient places secret administrative forbearances on the loans of other student loan borrowers when it places those loans into in-school deferments or otherwise change the loan's status, in the same manner as they did with respect to Cockrell's loan. This practice is deceptive and violated 34 C.F.R. §§ 682.202, 682.211(b) and (e).

49. In connection with these administrative forbearances, Navient

capitalized interest that accrued during times when the borrowers' loans were current, without notice to or agreement from the borrowers. This practice was deceptive and violated 34 C.F.R. § 682.211(b) and (e).

50. In connection with these administrative forbearances, Navient sent correspondence which contained the same statements as Navient made to Cockrell (if payments are due prior to the change in loan status, interest accrued "during the delinquency period"). These statements were false, misleading, and violated 34 C.F.R. § 682.211(b) and (e).

## Class Certification Allegations

51. **Class Definition:** Cockrell alleges the following class (the "Class"), brings this Complaint against the Defendants on behalf of himself and the Class, and seeks to certify the Class under Federal Rule of Civil Procedure 23:

> All persons who have paid money on one or more FFELP loans to Navient within four years since the filing of this complaint whose residential address listed in Navient's records was in California ("borrowers) during times when
>
> (a) Navient placed the borrower's loans into an administrative forbearance immediately before a change of loan status;
>
> (b) The interest which Navient capitalized on such administrative forbearance accrued on days when the borrower's loans were current and fully paid up; and
>
> (c) At the time Navient changed the status of the borrower's loans, it sent the borrower communications which stated that interest may have been capitalized "during [a] delinquency period."

The Class excludes Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and the agents, legal representatives, predecessors, successors, assigns, and employees of any such entity. Also excluded from the class are the judge and court staff to whom this case is assigned, and any member of the judge's immediate family. Cockrell reserves the right to amend the definition of the Class according to discovery. Cockrell is a member of the class that he seeks to represent.

52. **Class Numerosity:** The exact number of class members is unknown

and is not available to Cockrell at this time, but such information is readily ascertainable by Defendants. Inferring from the conduct alleged herein and the nature and scale of Defendants' businesses, Cockrell asserts that individual joinder of all class members is likely to be impracticable. Cockrell alleges that there are at least forty members of the Class.

53.     **Commonality and Predominance:** Plaintiff and the Class members share common relevant facts: Navient increased the balances of their student loans by capitalizing interest on an administrative forbearance during time in which the loan was current and fully paid up. Moreover, these common questions of fact and law predominate over the questions affecting only individual Class members. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the class member. The predominant common questions include:

   a. Whether Defendants' practices alleged above violate 34 C.F.R. § 682.202 and/ or § 682.211;
   b. Whether Defendants' practices alleged above violate the UCL;
   c. Whether Navient Corp. is liable for NSL's conduct with respect to the alleged practices;
   d. Whether Plaintiffs and Class members are entitled to restitution, a constructive trust, and/or an accounting;
   f. Whether Plaintiffs and Class members are entitled to other equitable and injunctive relief and attorneys' fees and costs.

54.     **Typicality:** Plaintiff's claims are typical of the claims of the other Class members. Plaintiff is not different in any relevant way from any other Class members, and the relief they seek is common to the Class.

55.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class: Plaintiff's interests do not conflict with the interests of the other Class members. Plaintiff has retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

56. **Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

57. **Injunctive Relief is Appropriate:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each class a whole. The policies of the Defendants challenged herein apply and affect members of each class uniformly, and Plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiffs.

58. Cockrell alleges on information and belief that Defendants continue to engage in the improper practices discussed above. Money damages are inadequate without equitable relief: namely, an accounting and constructive trust. Navient must identify (1) the amounts illegally and wrongfully increased on the Class's loans; (2) the amounts the Class members then paid towards the interest accruing on such unlawful balance increases; and (3) the difference in their loan balance if

Navient had instead properly applied the amounts paid towards such interest towards the reducing the loan's principal balance. These matters are of such a complicated nature that only a court of equity can satisfactorily unravel them. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiffs and the Class members for which they have no adequate remedy at law.

**FIRST CAUSE OF ACTION:**
**UCL Violation (Cal. Bus. & Prof. Code § 17200) Against by Plaintiff individually and on behalf of the Class, against all Defendants**

59. Cockrell incorporates by reference and realleges all paragraphs previously alleged herein.

60. The UCL protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

61. The UCL prohibits any unlawful, unfair, or fraudulent business act or practice, including the employment of any deception, fraud, false pretense, false promise, misrepresentation, or concealment, suppression, or omission of any material fact. A business practice need only meet one of the three criteria to be considered unfair competition.

62. Navient's fraudulent and unfair conduct occurred during the servicing of student loans, and therefore occurred in the course of Navient's business practices.

63. Navient's conduct alleged caused Cockrell and the other Class members to lose money and property by (1) increasing their loan balances and (2) diverting payment from reducing the loan's principal balance towards the interest accruing on such illegal increases to the balance.

64. In addition or the alternative, Navient's conduct alleged herein violates the UCL because it is unfair. Navient's conduct causes a substantial injury to consumers and competition that outweighs any countervailing benefits to consumers or to competition and was not an injury the consumers themselves

could reasonably have avoided. The additional interest improperly capitalized by Navient constitutes substantial injury, which Class members could not reasonably avoid given the information asymmetry between Navient and consumers regarding the amount of interest capitalized by Navient. In addition or the alternative, Navient's violation is tethered to the applicable HEA regulations, because its misconduct alleged herein violates the policy or spirit of such regulations and its effects are comparable to or the same as a violation of the HEA regulations.

65. Representations about capitalization of interest and/or the amount interest capitalized are a material term of any loan because they directly affects a consumer's choice of, or conduct regarding, how and when to make payments on a loan, and how those payments should be allocated between principal and interest. Any deception or fraud related to capitalization of interest is materially misleading.

66. As alleged above, Navient engaged in a deceptive business practice by falsely representing interest was capitalized "during [a] delinquency period" when, in fact, the loan was current during the time period referenced by Navient. Navient's representations in its payment schedules and disaster letters were false. Navient capitalized interest which accrued during times when the loans were not delinquent.

67. Navient violated the UCL's fraudulent prong by knowingly making these false representations.

68. Reasonable consumers are likely to be (as Plaintiff and the putative Class were) deceived by Defendants' misrepresentations.

69. Cockrell brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Cockrell and the Class members are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

70. Under California Business and Professions Code § 17203, Plaintiff seeks an order (1) requiring Defendant to cease the unfair practices described

herein; (2) requiring Defendant to calculate and restore to Plaintiff and each Class member any money acquired by means of unfair competition (i.e., the equitable remedies of restitution, constructive trust, and/or accounting); and (3) awarding reasonable costs and attorneys' fees under Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiff Joseph Cockrell prays that the Court enter judgment and orders in his favor and against Defendants Navient Corporation and Navient Solutions, LLC, and Does 1 to 10 as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Cockrell and his counsel to represent the Class;

b. Equitable and injunctive relief including restitution, imposition of a constructive trust, and an accounting and prohibiting Defendants from continuing their violations of the UCL;

c. An order granting attorneys' fee under Code of Civil Procedure section 1021.5 in favor of the class;

d. Such other and further relief as this Court may deem appropriate.

Dated: August 14, 2024     By:     s/Ethan Preston
                                    Ethan Preston (263295)
                                    ep@eplaw.us
                                    PRESTON LAW OFFICES
                                    4054 McKinney Avenue, Suite 310
                                    Dallas, Texas 75204
                                    Telephone: (972) 564-8340
                                    Facsimile: (866) 509-1197

                                    *Attorneys for Plaintiff Joseph Cockrell, on his own behalf, and behalf of all others similarly situated*

# **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 14, 2024  By: _____s/Ethan Preston_____
Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Joseph Cockrell, on his own behalf, and behalf of all others similarly situated*