JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion to Dismiss [36] and Motion to Strike Class Allegations [37]**

Before the Court is Navient Corporation and Navient Solutions, LLC's (together, "Navient") second motion to dismiss (Motion to Dismiss, Dkt. No. 36) and motion to strike class allegations (Motion to Strike Class Allegations, Dkt. No. 37). Joseph Cockrell ("Cockrell") opposes both motions. (Opp'n to Motion to Dismiss, Dkt. No. 40; Opp'n to Motion to Strike Class Allegations, Dkt. No. 41.) Navient replied. (Reply in Support of Motion to Dismiss, Dkt. No. 42; Reply in Support of Motion to Strike Class Allegations, Dkt. No. 43.)

For the following reasons, the Court **GRANTS** the motion to dismiss, and **DENIES as moot** the motion to strike class action allegations.

## I. BACKGROUND

Congress enacted the Higher Education Act of 1965 (the "HEA") in order to "keep the college door open to all students of ability, regardless of socioeconomic background." Chae v. SLM Corp., 593 F.3d 936, 938 (9th Cir. 2010). In line with these goals, Congress established the Federal Family Education Loan Program ("FFELP"). Id. The FFELP is intended to encourage lenders to loan money to students and parents on favorable terms. Id. The HEA permits the Department of Education ("DOE") to "prescribe such regulations as may be necessary to carry out the purpose of the FFELP." 20 U.S.C. § 1082(a)(1). The Department of Education limits the charges that loan servicers can collect on a student loan, including those charges related to capitalizing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01780-JVS-JDE    Date  June 9, 2025

Title  Joseph Cockrell v. Navient Corporation et al.

interest.[1]  Chae, 593 F.3d at 939.

    Students do not typically pay loans when they are enrolled in an accredited educational program.  (Second Amended Complaint ("SAC"), Dkt. No. 34 ¶ 27.)  This is known as "in-school deferment."  (Id.)  In-school deferment differs from other forbearances in how postponement treats capitalized interest and what is added to the loan's principal during postponement.  (Id.)  However, to ensure that students do not enter in-school deferment while delinquent, loan servicers often rely on "administrative forbearances."  An administrative forbearance allows a servicer to capitalize unpaid interest prior to a student entering in-school deferment.  (Id. ¶ 30–32.)

    Cockrell took out a loan under the FFELP.  (SAC ¶ 52.)  Navient serviced Cockrell's loan in 2023.  (Id. ¶¶ 1, 26–30.)  As alleged in the SAC, Cockrell made timely and complete monthly payments of his loan from January 12, 2023 to July 14, 2023.  (Id. ¶ 26.)  On August 14, 2023, Cockrell's loan was placed in an in-school deferment at Cockrell's request.  (Id. ¶ 27.)  Nevertheless, on August 14, 2023, Cockrell alleges that Navient "unilaterally placed a retroactive 'administrative forbearance' on his loan, effective between July 14 and August 13, 2023."  (Id. ¶ 29.)  As a result of the administrative forbearance, Cockrell claims that his loan principal was increased by $71.44.  (Id. ¶ 30.)

    Cockrell alleges that this increase was not permitted nor authorized under the Master Promissory Note ("MPN").  (Id. ¶¶ 31–32.)  Specifically, Cockrell never requested the forbearance nor does the MPN allow or discuss an "administrative forbearance."  (Id. ¶¶ 33–34.)  Rather, Navient retroactively placed the administrative forbearance on Cockrell's loan and only told him after it was placed.  (Id. ¶ 35.)  Thus, on the basis of these violations and unfair practices, Cockrell brings three causes of action: (1) breach of contract, (2) violation of California's Unfair Competition Law ("UCL"), and (3) violation of California's Student Borrower Bill of Rights ("SBBOR").  (Id. ¶¶ 51–79.)  Cockrell also requests injunctive relief.  (Id. ¶¶ 49, 79.)  Finally, Cockrell asserts class allegations.  (Id. ¶¶ 43–50.)

---

[1] For the purposes of the HEA, interest on a loan is said to have "capitalized" when a lender adds accrued interest to a borrower's unpaid principal balance.  34 C.F.R. § 682.202(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01780-JVS-JDE                           Date  June 9, 2025

Title  Joseph Cockrell v. Navient Corporation et al.

## II. LEGAL STANDARD

*A.  Motion to Dismiss*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

*B.  Motion to Strike Class Allegations*

Under Federal Rules of Civil Procedure 12(f), a court "may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters have "no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534 (1994).

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. See, e.g., Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); In re Wal-Mart

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. See, e.g., Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009).

The granting of such motions is rare before class certification. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." Id. (internal quotation marks and citation omitted).

### III. Discussion

*A.    Motion to Dismiss*

The SAC alleges breach of contract, violation of California's Unfair Competition Law ("UCL"), and violation of the California Student Borrower Bill of Rights ("SBBOR"). (SAC ¶¶ 51–79.) Navient argues that the SAC should be dismissed because federal preemption bars Cockrell's claims. (Motion to Dismiss at 1.) The Court agrees.

1.    Federal Preemption

Federal law "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. Following Supreme Court principles, the Ninth Circuit has recognized three categories of preemption: "(1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." Tocher v. City of Santa Ana, 219 F.3d 1040, 1045 (9th Cir. 2000), abrogated on other grounds by City of Columbus v. Ours Garage & Wrecker

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

Serv., Inc., 536 U.S. 424, 431–34 (2002).  It is the former of these two categories of preemption—express and conflict—that Navient asserts.[2]

### a.  Express Preemption

Navient first contends that Congress has expressly preempted lawsuits such as the present one.  (Motion to Dismiss at 4.)  "The Supreme Court has made clear that Congress may indicate its intent to displace state law through express language."  Chae, 593 F.3d at 942.  Courts use the text, surrounding statutory framework, and legislative purpose to determine the proper scope of an express preemption provision.  Id.  The HEA has many express preemption provisions, including 20 U.S.C. § 1098g (dealing with state disclosure laws) and 20 U.S.C. § 1078(d) (preempting state usury laws).

For the following reasons, the Court finds that Cockrell's claims are preempted by § 1098g but not preempted by § 1078(d).

#### i.  *Disclosure Preemption Provision § 1098g*

In relevant part, 20 U.S.C. § 1098g provides that:

Loans made, insured, or guaranteed pursuant to a program authorized by title IV of the Higher Education Act of 1965 . . . shall not be subject to any disclosure requirements of any State law.

20 U.S.C. § 1098g.  The Ninth Circuit has affirmed that § 1098g "applies to, and thus precludes" state law claims based on "allegedly-misleading" communication methods and "improper-disclosure" claims governed by the HEA.  Chae, 593 F.3d at 942–43.  What matters is whether "[a]t bottom," the claim is about an improper disclosure *of which proper disclosure is required by federal law*.  See id. (emphasis added).  However, where a state law claim is based on affirmative misrepresentations or inaccurate disclosures *unrelated* to a disclosure required by the HEA, § 1098g will not preempt.  See Nelson v. Great Lakes Educ. Loan Servs., Inc., 928 F.3d 639, 649–50 (7th

---

[2] Indeed, "field preemption does not apply to the HEA."  See Keams v. Tempe Technical Inst., Inc., 39 F.3d 222, 225–26 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01780-JVS-JDE     Date  June 9, 2025

Title  Joseph Cockrell v. Navient Corporation et al.

Cir. 2019) (interpreting Chae to say that because service providers were already required to disclose loan terms and repayment requirements, the plaintiffs' UCL claim was implicitly seeking to impose additional disclosure requirements under state law); see also Lawson-ross v. Great Lakes Higher Educ. Corp., 955 F.3d 908, 919 (11th Cir. 2020) (interpreting Chae the same).³

In other words, the Court interprets Chae to require express preemption under § 1098g only where the "core" of the state law claim regards an affirmatively misleading, deceptive, or inaccurate disclosure in a disclosure otherwise required under the HEA. See Chae, 593 F.3d at 942 (finding that § 1098g preempted California UCL claims where the claims were predicated on affirmatively misleading statements and fraudulent business practices in billing statements related to interest calculations).

In this case, the gravamen of the SAC—even as amended—relies heavily on the alleged improper disclosure of administrative forbearance. For instance, the breach of contract and SBBOR claims are predicated on Navient's failure to provide notice and lack of authorization prior to applying forbearance to Cockrell's loans. (SAC ¶¶ 56–57, 74–75.) Yet, the very terms of the HEA govern proper and improper disclosure of capitalization or forbearance. See, e.g., 34 C.F.R. § 682.211(b)(1); 34 C.F.R. § 682.211(e)(1)–(2). Moreover, Cockrell's UCL claim still states that Navient's conduct violated HEA regulations by improperly accruing interest. (SAC ¶¶ 62–64.) Accordingly, just as in Chae, 1098g preempts Cockrell's state law claims that rely on improper disclosure allegations that, at their core, are required under the HEA.

Cockrell argues that he has removed all allegations of "misleading communications," such that the disclosure preemption statute no longer applies. (Opp'n to Motion to Dismiss at 7.) Such as that may be, Cockrell disregards the recurring allegations that Navient failed to provide notice to borrowers before imposing forbearance and failed to disclosure the possibility of forbearance. (See SAC ¶¶ 41, 56,

---

³ This Court partially agrees with these interpretations of Chae that have concluded that § 1098g preemption does *not* extend to state-law claims where the focus of those claims is on the "fraudulent and deceptive practices *apart from the billing statements*. . . ." Nelson, 928 F.3d at 649–650 (citing Chae, 593 F.3d at 943) (emphasis added). This Court does not read Chae so narrowly as to be limited only to *billing statements*; but rather, reads Chae to require preemption where the core of state law claims relate to wrongful disclosures governed by the HEA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

65, 75.) These allegations regarding notice are central to all three of Cockrell's claims. While the SAC may no longer expressly allege "misleading" disclosures, it is not merely *misleading* claims that are preempted by § 1098g, but rather any "restyled improper-disclosure claims." See Chae, 593 F.3d at 943.

To be sure, as the Court clarified in its previous order, there may be some claims related to "the use of fraudulent and deceptive practices . . . [that] are not impacted by any of the FFELP's express preemption provisions." See Chae, 593 F.3d at 942. Nonetheless, the Chae panel concluded that the core of the plaintiff's UCL claim for unfair and fraudulent billing practices related to misleading disclosures in billing statements—and were thus, expressly preempted by the HEA. Chae, 593 F.3d at 942. Such facts are directly analogous to the case at hand. Cockrell asserts that Navient's failure to disclosures information regarding forbearances support his UCL, breach of contract, and SBBOR claims for unfair and deceptive practices. (SAC ¶¶ 56, 65, 75.) Thus, Cockrell's claims are expressly preempted under § 1098g.

### ii. *State Usury Law Preemption Provision § 1078(d)*

20 U.S.C. § 1078(d) states that:

> No provision of any law . . . of any State . . . which limits the rate or amount of interest payable on loans shall apply to a loan . . . (1) which bears interest (exclusive of any premium for insurance) on the unpaid principal balance at a rate not in excess of the rate specific in this part; and (2) which is insured (i) by the United States under this part. . . .

28 U.S.C. § 1078(d). Navient argues that § 1078(d) applies to Cockrell's claims because Cockrell is seeking to limit the amount of interest payable on his loan. (Motion to Dismiss at 5.) Specifically, Navient argues that Cockrell is using state law to challenge the principal balance of his loan, which in turn limits the rate or amount payable on the loan. (Id.)

Cockrell does not dispute that § 1078(d)(1) and (2) are individually satisfied. Rather, Cockrell responds that § 1078(d) is inapplicable because it only preempts state usury laws and the SAC specifically claims unlawful capitalization of loans. (Opp'n to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

Motion to Dismiss at 6.) The Court agrees with Cockrell that § 1078(d) has no preemptive impact in this case.

First, the Court notes that Cockrell has now sufficiently amended its complaint such that the core allegations relate to the increase of principal balance on the loan. (See SAC ¶¶ 30–31.) While Cockrell does mention improperly capitalized interest, the crux of his complaint focuses on the improper forbearance and an unauthorized increase in loan principal. (See id. ¶¶ 66–74.) Thus, § 1078(d) does not preempt because the claims now share little connection to interest amounts.

Second, as the Court stated in its previous order, "[t]he case law surrounding § 1078(d) is not as clear as the authority for the § 1098g preemption provision." (Dkt. No. 33.) In interpreting § 1078(d), this Court determined that "the purpose of the provision was to ensure 'uniformity' of regulations and establish 'minimum standards' for lenders and servicers. (See id. (citing § 1082(a)(1)).) Indeed, to ensure state law does not conflict with the uniformity of interest loan rates and amounts payable on FFELP loan, § 1078(d) expressly preempts state law "which limits the rate or amount of interest payable" on such loans. 20 U.S.C. § 1078(d).

While the Court correctly interpreted the legislative history of § 1078(d), it came to the wrong conclusion as applied to this case. Cockrell's claims, particularly as amended in the SAC, do not seek to challenge the interest rate or amount of interest payable in such a way that would be expressly preempted by § 1078(d). Cockrell plainly seeks to challenge the disclosure of forbearance and Navient's allegedly unlawful increase in loan principal as a result of improper capitalization of interest. Had the legislature intended § 1078(d) to sweep so broadly as to include improper *capitalization* of interest or *principal* loan amounts, it would have specified as much in the provision. However, in the absence of such express language, the Court will not read meaning into the law. Further, while the uniformity of interest rates and amounts is certainly central to the HEA's regulatory scheme, Cockrell's state law claims do not disrupt this uniformity. Cockrell relies on state law to challenge the principal balance of his loan. As alleged in the SAC, any impact on interest is merely tangential as a result of a reduction in the principal loan amount. Thus, the Court finds that § 1078(d) does not preempt Cockrell's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

Accordingly, the Court finds that all three of Cockrell's claims are expressly preempted but only by § 1098g.

### b. Conflict Preemption

In the alternative, the Court finds that Cockrell's claims would also be preempted by conflict preemption. Conflict preemption is an implicit preemption that exists where compliance with both federal and state regulations is impossible, or where a state law creates an obstacle to accomplishing the full purpose of a federal objective. McClellan v. I-Flow Corp., 776 F.3d 1035, 1039 (9th Cir. 2015). A conflict preemption analysis typically requires examining congressional objectives and determining whether a plaintiff's claim will conflict with those goals. Chae, 593 F.3d at 943–44.

As discussed, Congress enacted the HEA with the intention of providing "a clear command for uniformity." Chae, 593 F.3d at 945. In Chae, the Ninth Circuit applied conflict preemption to the FFELP. Id. at 948. The Ninth Circuit found that Congress granted the Department of Education "broad authority to implement the FFELP" and that the plaintiff's state law UCL claim would threaten Congress's objective of ensuring uniformity and stability within the program. Id. at 949.

This case presents many of the same concerns raised in Chae. Cockrell seeks to use California's UCL and SBBOR provisions, along with a breach of contract claim, to challenge the method by which a student loan servicers can capitalize interest, communicate with borrowers, and agree to place borrowers on administrative forbearance. (See SAC ¶¶ 41–65.) While Cockrell's remedy, alone, may not fundamentally alter the FFELP regime, if filed across the 50 states, each additional disclosure requirement, forbearance requirement, or capitalization requirement, would create an obstacle to accomplishing Congress's "clear command for uniformity." See Chae, 593 F.3d at 945; see also 83 Fed. Reg. at 10621 ("A requirement that Federal student loan servicers comply with 50 different State-level regulatory regimes would significantly undermine the purpose of the Direct Loan Program to establish a uniform, streamlined, and simplified lending program managed at the Federal level."); see also Winbarger v. Pennsylvania Higher Educ. Assistance Agency, 411 F. Supp. 3d 1070, 1090 ("In enacting the HEA, Congress certainly did not call on the courts to determine whether loan servicers' representations and conduct were adequate by applying the law of 50 different states").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

       2.       <u>Private Right of Action</u>

      "There is no express right of action under the HEA except for suits brought by or against the Secretary of Education." <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995) (finding that the lack of private right of action barred the plaintiff's § 1983 claim). Rather, the HEA "provides an enforcement scheme which gives the Secretary of Education wide-ranging regulatory authority to enforce the provisions of the HEA." <u>McCulloch v. PNC Bank Inc.</u>, 298 F.3d 1217, 1221 (11th Cir. 2002).

      Cockrell does not bring a direct action under the HEA, nor does he argue as much. (Opp'n to Motion to Dismiss at 4.) Rather, Cockrell claims that he is alleging violations of the UCL's unfairness prong and the SBBOR that "don't implicate the HEA at all." (<u>Id.</u>) However, despite Cockrell's re-labeling of his UCL and SBBOR claims as independent from federal regulations, at their core they are allegations that Navient has not complied with the HEA's disclosure requirements or regulations related to interest and capitalization. (<u>See, e.g.</u>, SAC ¶¶ 62, 64, 72.) Thus, it is apparent that Cockrell's state claims are not merely independent consumer protection claims; but rather, constitute HEA grievances masked as state law claims.

      The issues raised by Cockrell are more appropriately "presented to the Secretary, who [is] in a position to correct the problem." <u>Parks School of Business</u>, 51 F.3d at 1485; <u>see also</u> <u>McCulloch</u>, 298 F.3d at 1226–27 (finding that the "Plaintiffs' mail and wire fraud claims are nothing more than purported HEA violations pled in RICO terms"). Accordingly, the Court finds that Cockrell is barred from asserting his claims as rights of action to enforce alleged violations of the HEA.

       3.       <u>Request for Judicial Notice and Failure to State a Claim</u>

      Because Cockrell's claims are barred by § 1098g, the Court will not analyze whether the SAC fails to state a claim upon which relief can be granted. Furthermore, the Court finds it unnecessary to take judicial notice of the requested documents because the Court did not rely on these documents in concluding that Cockrell's claims are preempted and barred as an indirect private action. Accordingly, the Court **DENIES** the request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01780-JVS-JDE | Date | June 9, 2025 |
| Title | Joseph Cockrell v. Navient Corporation et al. | | |

      B.    *Motion to Strike Class Allegations and Dismiss Injunctive Relief*

      Because the Court grants the motion to dismiss on all claims, the motion to strike class allegations, the motion to dismiss the request injunctive relief, and the motion to dismiss punitive damages are moot.

      C.    *Leave to Amend*

      Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality"). However, while there is a "general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998).

      The Court previously granted Cockrell leave to amend to disentangle his state law claims from the express preemption statutes. The Court now finds that Cockrell's claims, at their core, are inextricably tied to HEA violations that are expressly preempted by § 1098g or, in the alternative, impliedly preempted. Thus, amendment would be futile and the motion is granted without leave to amend.

### IV. CONCLUSION

      For the foregoing reasons, the Court **GRANTS** the motion to dismiss without leave to amend.

      **IT IS SO ORDERED.**